UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VALERIE NASHAI HATTON,

    Petitioner,

v.                                                    Case No. 4:26cv209-MW-HTC

WARDEN SUPERINTENDENT SHERIFF, et al,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Valerie Nashai Hatton, a pretrial detainee proceeding *pro se*, has filed a petition for writ of habeas corpus seeking relief under 28 U.SC. § 2241.[1]  Doc. 1. As an initial matter, the petition, which is not on the Court's approved forms, is mostly nonsensical and indecipherable and contains language bearing the hallmark of "sovereign citizen" or other "Redemptionist" theories, which have been repeatedly rejected by the courts.  For example, in the caption Hatton describes herself as a "flesh-and-blood living woman" and the "living beneficiary" of a "Cestui Que Trust," both of which are common statements associated with those discredited theories.  *See, e.g., Thomas v. All In Credit Union*, 2023 WL 9197752, at *6 (S.D.

---

[1] Along with the petition, Hatton also filed several nonsensical documents, including: Consolidated Non-statutory Miscellaneous Filing (Doc. 4); Bill of Complaint in Equity and Petition for Relief Upon Equitable and Trust Principles (Doc. 5); and Notice of Filing Certificate of Trust for Public Record (Doc. 6).  These documents are based on the same sovereign citizen theories discussed herein and shall not be considered.

Ala. Dec. 7, 2023), *report and recommendation adopted*, 2024 WL 312682 (S.D. Ala. Jan. 25, 2024).  That said, from what the Court can discern, Hatton appears to be challenging her pretrial detention in the Second Judicial Circuit for Leon County Case No. 2012 CF 963.[2]  After reviewing the petition and other documents, the undersigned concludes this case should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), and as frivolous.

## I.    Background[3]

Hatton is a pretrial detainee currently housed at the Leon County Detention Facility, in Tallahassee, Florida, after being charged in 2021 with felony murder in the second degree, armed robbery, burglary of a dwelling, aggravated battery on a law enforcement officer, false imprisonment, tampering with a witness, and petit theft.  *See* https://cvweb.leonclerk.com/public/online_services/search_courts/ (last accessed 5/18/2026).[4]

It appears Hatton was released on bond and remained at liberty until she failed to appear for a September 18, 2025, hearing, at which time a bench warrant was issued.  *See* docket entry 152 in state case, showing capias was issued for failing to

---

[2] In addition to requesting nonsensical accounting and trust-related relief, Hatton requests that the Court "ORDER Petitioner's IMMEDIATE AND UNCONDITIONAL RELEASE from pretrial detention on the grounds that her Sixth, Fifth, Eighth, Fourteenth and First Amendment rights have been continuously violated for over five (5) years."

[3] The following information is taken from the petition, unless otherwise stated.

[4] A federal court may properly take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); *see also* Fed. R. Evid. 201(b)(2).

appear. She was arrested on March 5, 2026. *See* docket entry 185-188. Her state criminal case is pending, and a case management conference has been set for June 2, 2026.

## II.   Discussion

As discussed below, Hatton's petition should be dismissed on two grounds. First, the Court should abstain from exercising jurisdiction under *Younger v. Harris*. Second, the petition is premised on frivolous sovereign citizen theories.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a court may abstain from hearing constitutional claims if: "(1) there are ongoing state proceedings, (2) the proceedings implicate an important state interest, and (3) the state proceedings provide an adequate opportunity for a party to raise constitutional challenges. *Tribble v. Tew*, 653 F. App'x 666, 667 n.2 (11th Cir. 2016) (citation omitted).

Here, *Younger* abstention is required because each of those factors are met. First, the petition arises from criminal proceedings pending in state court. Second, criminal proceedings implicate important state interests. *See Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 767 (11th Cir. 2013) (noting that "criminal proceedings involve important state interests"); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger*

abstention hurdles' before the federal courts can grant such relief.") (citation omitted).

Third, Hatton has an adequate opportunity to present her constitutional arguments in the state criminal proceedings. Hatton can present her claims involving the evidence against her in the circuit court or, in the event she is convicted, through appellate and post-conviction proceedings. And she can challenge her pretrial detention through a state "petition for a writ of habeas corpus and release from pretrial detention in the relevant Florida District Court of Appeals and, if the court denie[s] the petition, … could [seek] review in the Supreme Court of Florida." *Colley v. Fla.*, No. 3:25-CV-2040-LC/MJF, 2026 WL 730133, at *3 (N.D. Fla. Feb. 9, 2026), *report and recommendation adopted,* No. 3:25-CV-2040-LC/MJF, 2026 WL 715787 (N.D. Fla. Mar. 13, 2026) (citing *Magbanua v. McNeil*, 310 So. 3d 138, 141 (Fla. Dist. Ct. App. 2021)). Therefore, Hatton has adequate remedies to challenge her pretrial detention in state court. *See Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (explaining an "[a]dequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim"); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (noting "plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims" and "[a]

federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary'") (citations omitted).

Although there are three narrow exceptions to the abstention doctrine, none apply here. *See Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (setting forth the exceptions). First, there is no evidence that the state proceedings are motivated by bad faith. *Id.* In the *Younger* context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). Nothing about the nature of the criminal proceedings shows that to be the case. Hatton's allegation that she has suffered "five years of pretrial detention" without any justification (Doc. 1 at 14) is belied by the record, which shows she was on pretrial release from April 2021 to March 2026. Also, the record shows that the defense requested or agreed to each continuance and that defendant herself delayed the case with myriad nonsensical pleadings. Moreover, her contention that the Court's "total non-response to all filings collectively constitute[s] a pattern of retaliation" (Doc. 1 at 17) is belied by the record. Likewise, her claim that the Court denied self-representation is false, as she was given a hearing under *Faretta v. California*, 422 U.S. 806 (1975), and allowed to represent herself on March 31, 2026. *See* docket entry 215.

Second, Hatton has not shown that irreparable injury would occur. *See Kugler*, 421 U.S. at 124 (noting "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term'"). Lastly, for the reasons set forth above, Hatton has not demonstrated there is no adequate alternative state forum where the issues in the petition can be raised.

Based on the foregoing, this Court should abstain from reaching the merits of Hatton's § 2241 petition and dismiss it. *See Johnson*, 32 F.4th at 1099-1102 (affirming dismissal of § 2241 petition under *Younger* where Florida pretrial detainee alleged his right to a speedy trial was being violated).

Finally, even absent *Younger*, Hatton's petition is entirely frivolous because it is premised on sovereign citizen theories, which have been repeatedly rejected by the courts. *See e.g., Greaves v. Mann*, 2016 WL 11260337, at *1 (N.D. Ga. Nov. 17, 2016), *report and recommendation adopted,* 2017 WL 510894 (N.D. Ga. Feb. 8, 2017) (dismissing 28 U.S.C. § 2241 petition based on frivolous sovereign citizen theories) (citing *Linge v. State of Ga., Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) ("[ [T]o the extent that] the plaintiff ... argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.'") (citations omitted); *United States v. Davis*, 586 F. App'x 534, 536-

37 (11th Cir. 2014) ("Previously, we've noted that so-called 'sovereign citizens' are individuals who believe they are not subject to courts' jurisdiction[.] ... We've further said that courts repeatedly have been confronted with sovereign parties or to state a claim involving a substantial question of federal law.").

Accordingly, it is RECOMMENDED:

1.      That Hatton's petition for writ of habeas corpus (Doc. 1) be DISMISSED.

2.      That the filings at Doc. 4, Doc. 5, and Doc. 6 be stricken as procedurally deficient and nonsensical.

3.      That the clerk close the file.

At Pensacola, Florida, this 22th day of May, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 4:26cv209-MW-HTC